## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| INTEGRATED PRODUCTION SERVICES, INC., | § § § | Civil Action No. 4:16-cv-03583 |
| Plaintiff, | § § | |
| v. | § § | **COMPLAINT &** <br> **DEMAND FOR JURY** |
| FLOWCO PRODUCTION SOLUTIONS, LLC AND PATRIOT ARTIFICIAL LIFT LLC, | § § § § | |
| Defendants. | § § | |

## COMPLAINT

Plaintiff Integrated Production Services, Inc. ("Plaintiff" or "IPS") files this Complaint against Defendant Flowco Production Solutions, LLC ("Flowco") and Patriot Artificial Lift LLC ("Patriot") for patent infringement, false advertising and unfair competition and seeks actual damages, exemplary damages, and injunctive relief as set forth below.

### I.       PARTIES

1.       Plaintiff IPS is a corporation organized under the laws of the State of Texas, with its principal place of business located at 16800 Greenspoint Park Drive, Suite 200S, Houston, Texas 77060.

2.       Defendant Flowco is a limited liability company organized under the laws of the State of Texas, with its principal place of business located at 18511 Imperial Valley Drive, Houston, Texas 77073.  Flowco may be served with a copy of this Complaint by mailing a copy to its registered agent, Mr. Stuart Harlow, at 2731 Spring Stuebner, Suite N, Spring, Texas 77389.

3.       Defendant Patriot is a limited liability company organized under the laws of the State of Texas, with its principal place of business located at 3934 Cypress Creek Parkway, Suite

1

105, Houston, Texas  77068.  Patriot may be served with a copy of this complaint by mailing a copy to its registered agent, CT Corporation system, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Patriot is a wholly owned subsidiary of Flowco.

## II.    NATURE OF THIS ACTION

4.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and in particular 35 U.S.C. §§ 271 and 281-285.

5.    This is also an action for false advertising and unfair competition arising under the laws of the United States, 15 U.S.C. § 1051 et seq., and in particular 15 U.S.C. § 1125.

## III.    JURISDICTION AND VENUE

6.    This Court has exclusive subject matter jurisdiction over this patent action under 28 U.S.C. §§ 1331 and 1338(a).  This Court has original subject matter jurisdiction over the false advertising and unfair competition under 28 U.S.C. § 1338(a) and (b).

7.    Flowco is subject to personal jurisdiction as it is a resident in the State of Texas. Flowco voluntarily does business in this district.

8.    Patriot is subject to personal jurisdiction as it is a resident in the State of Texas. Flowco voluntarily does business in this district.

9.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## IV.    FACTS

10.    On April 13, 2004, U.S. Patent No. 6,719,060 ("the '060 patent"), titled Plunger Lift Separation and Cycling, was duly and legally issued by the U.S. Patent and Trademark Office to Edward A. Wells for an invention relating to a unique plunger lift system for lifting formation liquids from gas wells. A true and correct copy of the '060 patent is attached hereto as Exhibit A. The '060 patent is presumed valid pursuant to 35 U.S.C. § 282.

11.     On or about December 10, 2004, the named inventor of the '060 patent assigned his entire rights to, and interests in, the '060 patent to MGM Well Services, Inc.

12.     On or about January 13, 2011, MGM Well Services, Inc. assigned its entire rights to, and interests in, the '060 patent to IPS.

13.     On April 3, 2001, U.S. Patent No. 6,209,637 ("the '637 patent"), titled Plunger Lift With Multipart Piston and Method of Using the Same, was duly and legally issued by the U.S. Patent and Trademark Office to Edward A. Wells for an invention likewise relating to a unique plunger lift system for lifting formation liquids from gas wells. A true and correct copy of the '637 patent is attached hereto as Exhibit B.  The '637 patent is presumed valid pursuant to 35 U.S.C. § 282.

14.     On or about December 10, 2004, the named inventor of the '637 patent assigned his entire rights to, and interests in, the '637 patent to MGM Well Services, Inc.

15.     On or about January 13, 2011, MGM Well Services, Inc. assigned its entire rights to, and interests in, the '637 patent to IPS.

16.     IPS manufactures, offers for sale, and sells plunger lift systems under the name "Pacemaker Plunger Lift System." IPS's Pacemaker Plunger Lift Systems have been very successful in the market since their introduction. IPS has sold thousands of Pacemaker Plunger Lift Systems that incorporate the patented technology.

17.     IPS marks one or more of the components of the Pacemaker Plunger Lift System with both the '060 patent number and the '637 patent number.

18.     Flowco has developed a two piece plunger lift system that infringes one or more claims of the '060 patent and the '637 patent. Photos of a representative infringing Flowco plunger sleeve and separator rod are attached hereto as Exhibit C. On information and belief,

3

Flowco developed its infringing system by copying IPS's plunger lift system.

19.    Flowco is manufacturing, using, selling, or offering for sale its infringing systems in violation of the United States patent laws. On information and belief, Flowco was aware of the '060 patent and '637 patent prior to the start of its infringing activities.

20.    Patriot has developed a two piece plunger lift system that infringes one or more claims of the '060 patent and the '637 patent. Photos of a representative infringing Patriot ball and sleeve plunger and separator rod are attached hereto as Exhibit D. Patriot advertises its ball and sleeve plunger as "the patented Patriot Shuttle two-piece shuttle plunger system."  On information and belief, Patriot developed its infringing system by copying IPS's plunger lift system.

21.    Patriot is manufacturing, using, selling, or offering for sale its infringing systems in violation of the United States patent laws. On information and belief, Patriot was aware of the '060 patent and '637 patent prior to the start of its infringing activities.

## V.    CLAIMS

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,719,060

22.    Paragraphs 1-21 are incorporated by reference.

23.    Flowco has been, and still is making, using, offering to sell, and/or selling products that infringe one or more valid claims of the '060 patent, including, but not limited to, claims 1, 5 – 7, 9 and 13 – 15,  without authority or license from IPS.

24.    Flowco also has been, and continues to, contribute to the infringement by its customers who directly infringe the '060 patent through their use of the Flowco plunger lift system and/or two piece plunger.

25.    Flowco also has been, and continues to, induce infringement by its customers who directly infringe the '060 patent through their use of the Flowco plunger lift system and/or two

4

piece plunger.

26.     Flowco's plunger lift system and/or two piece plunger, as sold and offered for sale by Flowco, has no substantial non-infringing uses.

27.     Flowco knew, or was willfully blind to the fact, that use of its plunger lift system and/or two piece plunger would infringe the claims of the '060 patent. Accordingly, Flowco specifically intended that its customers infringe the '060 patent.

28.     On information and belief, Flowco's infringing activities have been willful and deliberate.

29.     As a result of Flowco's infringing activities, IPS has suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Flowco's infringing activities, IPS is entitled to a trebling of its actual damages and is entitled to recover its attorney fees and costs incurred in prosecuting this action. 35 U.S.C. §§ 284-85.

30.     Flowco's acts of infringement have caused irreparable harm to IPS for which there is no adequate remedy at law, and will continue to cause irreparable harm to IPS unless Flowco is permanently enjoined by the Court.

31.     Flowco is also responsible for the infringement of the '060 patent by its wholly owned subsidiary, Patriot, as indicated below.

32.     Patriot has been, and still is making, using, offering to sell, and/or selling products that infringe one or more valid claims of the '060 patent without authority or license from IPS.

33.     Patriot also has been, and continues to, contribute to the infringement by its customers who directly infringe the '060 patent through their use of the Patriot plunger lift system and/or two piece plunger.

34.     Patriot also has been, and continues to, induce infringement by its customers who

directly infringe the '060 patent through their use of the Patriot plunger lift system and/or two piece plunger.

35.     Patriot's plunger lift system and/or two piece plunger, as sold and offered for sale by Patriot, has no substantial non-infringing uses.

36.     Patriot knew, or was willfully blind to the fact, that use of its plunger lift system and/or two piece plunger would infringe the claims of the '060 patent. Accordingly, Patriot specifically intended that its customers infringe the '060 patent.

37.     On information and belief, Patriot's infringing activities have been willful and deliberate.

38.     As a result of Patriot's infringing activities, IPS has suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Patriot's infringing activities, IPS is entitled to a trebling of its actual damages and is entitled to recover its attorney fees and costs incurred in prosecuting this action. 35 U.S.C. §§ 284-85.

39.     Patriot's acts of infringement have caused irreparable harm to IPS for which there is no adequate remedy at law, and will continue to cause irreparable harm to IPS unless Patriot is permanently enjoined by the Court.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,209,637

40.     Paragraphs 1-39 are incorporated by reference.

41.     Flowco has been, and still is making, using, offering to sell, and/or selling products that infringe one or more valid claims of the '637 patent, including, but not limited to, claims 1, 9, 11 – 13, 15, 28 – 30, 33, 37, 39, 42, 53 and 55, without authority or license from IPS.

42.     Flowco also has been, and continues to, contribute to the infringement by its customers who directly infringe the '637 patent through their use of the Flowco plunger lift

system and/or two piece plunger.

43.     Flowco also has been, and continues to, induce infringement by its customers who directly infringe the '637 patent through their use of the Flowco plunger lift system and/or two piece plunger.

44.     Flowco's plunger lift system and/or two piece plunger, as sold and offered for sale by Flowco, has no substantial non-infringing uses.

45.     Flowco knew, or was willfully blind to the fact, that use of its plunger lift system and/or two piece plunger would infringe the claims of the '637 patent. Accordingly, Flowco specifically intended that its customers infringe the '637 patent.

46.     On information and belief, Flowco's infringing activities have been willful and deliberate.

47.     As a result of Flowco's infringing activities, IPS has suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Flowco's infringing activities, IPS is entitled to a trebling of its actual damages and is entitled to recover its attorney fees and costs incurred in prosecuting this action. 35 U.S.C. §§ 284-85.

48.     Flowco's acts of infringement have caused irreparable harm to IPS for which there is no adequate remedy at law, and will continue to cause irreparable harm to IPS unless Flowco is permanently enjoined by the Court.

49.     Flowco is also responsible for the infringement of the '637 patent by its wholly owned subsidiary, Patriot, as indicated below.

50.     Patriot has been, and still is making, using, offering to sell, and/or selling products that infringe one or more valid claims of the '637 patent without authority or license from IPS.

51.     Patriot also has been, and continues to, contribute to the infringement by its

customers who directly infringe the '637 patent through their use of the Patriot plunger lift system and/or two piece plunger.

52.     Patriot also has been, and continues to, induce infringement by its customers who directly infringe the '637 patent through their use of the Patriot plunger lift system and/or two piece plunger.

53.     Patriot's plunger lift system and/or two piece plunger, as sold and offered for sale by Patriot, has no substantial non-infringing uses.

54.     Patriot knew, or was willfully blind to the fact, that use of its plunger lift system and/or two piece plunger would infringe the claims of the '637 patent. Accordingly, Patriot specifically intended that its customers infringe the '637 patent.

55.     On information and belief, Patriot's infringing activities have been willful and deliberate.

56.     As a result of Patriot's infringing activities, IPS has suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Patriot's infringing activities, IPS is entitled to a trebling of its actual damages and is entitled to recover its attorney fees and costs incurred in prosecuting this action. 35 U.S.C. §§ 284-85.

57.     Patriot's acts of infringement have caused irreparable harm to IPS for which there is no adequate remedy at law, and will continue to cause irreparable harm to IPS unless Patriot is permanently enjoined by the Court.

### COUNT III – FALSE ADVERTISING AND UNFAIR COMPETITION

58.     Paragraphs 1 – 57 are incorporated by reference.

59.     Patriot and Flowco advertise their ball and sleeve plungers as being patented on their website and other marketing materials.  Patriot and Flowco also advertise that their ball and

sleeve plungers are covered by Casey's US Patents 6,148,923 ("the '923 patent") and 7,243,730 ("the '730 patent"), including but limited to, by marking their sleeves with these patent numbers. Defendants make these statements in interstate commerce.  These statements are false.

60.     The claimed invention of the '923 patent requires "flapper sealing rings" mounted along the tube for sealing against the tubing.

61.     The claimed invention of the '730 patent requires "one or more pads radially extendable from the sealing section."

62.     Flowco's and Patriot's accused sleeves do not have flapper sealing rings or pads.

63.     Instead of being patented or covered by the '923 or '730 patents, Defendants' accused ball and sleeve plungers are merely copies of IPS' claimed inventions.

64.     Defendants, in connection with their commercial advertising and promotion, have misrepresented and continue to misrepresent the nature, characteristics, and qualities of their goods, services, and commercial activities.

65.     On information and belief, the false and misleading statements regarding the patented nature of their ball and sleeve plungers by Defendants was done and continues to be done with the purpose of injuring IPS, deceiving, misleading, and confusing the public, obtaining the benefit of IPS' reputation, goodwill, and advertising, and inducing the public to believe that Defendants are connected to IPS, or believe that Defendants' accused ball and sleeve plungers are authorized by IPS, or to falsely represent that Defendants' accused ball and sleeve plungers cannot infringe IPS' asserted patents.

66.     Defendants' statements either have deceived or have the capacity to deceive IPS' customers.  Defendants' statements are material in that they are likely to influence the customers' purchasing decisions for plunger lift equipment and services.

67.     Through the use of such false statements, Defendants are unfairly competing with IPS.

68.     Defendants' conduct described above has irreparably harmed IPS and threatens to continue to irreparably harm IPS unless enjoined by this Court.

69.     As a result of Defendants' wrongful conduct, IPS is entitled to recover its actual damages, Defendants' profits, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117.

70.     As a consequence of Defendants' misconduct, IPS is entitled to relief as set forth below.

## VI.     PRAYER FOR RELIEF

WHEREFORE, IPS prays for judgment and seeks relief against Flowco and Patriot as follows:

(a)     For a judgment that one or more claims of the '060 and/or the '637 patents have been and continue to be infringed by Flowco and Patriot;

(b)     For a judgment and an award of all damages sustained by IPS as the result of Flowco's and Patriot's acts of infringement, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting as needed;

(c)     For a permanent injunction enjoining Flowco and Patriot from infringing any claims of the '060 and '637 patents;

(d)     For a judgment and an award of enhanced damages for willful infringement of the '060 and '637 patents pursuant to 35 U.S.C. § 284;

(e)     For a judgment and an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(f)     For a permanent injunction enjoining Flowco and Patriot, and all persons in active concert or participation with them, from false, misleading, or confusing advertising relating to their ball and sleeve plungers, including false statements that their ball and sleeve plungers are patented or covered by the '923 and '730 patents;

(g)     For a judgment and an award of damages for IPS' actual damages and Defendants' unjust and unlawful profits arising from Defendants' false advertising and unfair competition;

(h)     For a judgment and an award of exemplary damages and attorneys' fees for Defendants' false advertising and unfair competition;

(i)     For an order ordering Defendants to deliver up for destruction all products, packaging, advertisements or other material bearing the false and misleading statements pertaining to the patented nature of Defendants' ball and sleeve plungers.

(j)     For a judgment and an award of all interest and costs; and

(k)     For a judgment and an award of such other and further relief as the Court may deem just and proper.

## VII.     JURY DEMAND

IPS demands a trial by jury.

Dated:  December 6, 2016                    Respectfully submitted,

*J. Dean Lechtenberger*
J. Dean Lechtenberger
Attorney-in-Charge
Texas State Bar No. 12100720
S.D. Tex. Bar No. 12106
jlechtenberger@winston.com

Eric S. Schlichter
Texas State Bar No. 24007994
S.D. Tex. Bar No. 113097
eschlichter@winston.com
WINSTON & STRAWN LLP 1111 Louisiana,
25th Floor Houston, TX 77002
Telephone: (713) 651-2600
Facsimile:  (713) 651-2700

**ATTORNEYS FOR PLAINTIFF,
INTEGRATED PRODUCTION SERVICES,
INC.**